UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, # 323551, ) | C/A No. 8:13-1586-JFA-JDA |
| aka Calvin L. Gaddy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Nikki R. Haley, *South Carolina Governor*; ) | |
| Bill Byers, *SCDC Commissioner*; ) | |
| Warden Larry Cartledge, *Perry CI*; ) | |
| Captain Degrouis, *Perry CI, SMU Captain*; ) | |
| Florence Mauney, *Perry CI, SMU*; ) | |
| Major Early, *Perry CI, SMU*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution. The South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public (June 17, 2013)) reveals Plaintiff is serving a sentence for twenty-five years for voluntary manslaughter. Plaintiff has brought suit against Nikki R. Haley, the Governor of South Carolina; Bill Byers, the "Commissioner" (Director) of the South Carolina Department of Corrections; Larry Cartledge, the Warden of the Perry Correctional Institution; Captain Degrouis[1]; Florence Manuey; and Major Early.

---

[1]This Defendant is identified in attachments to the Complaint as "Captain DeGeorgis." (*See, e.g.*, ECF No. 1-2 at 2.)

The "STATEMENT OF CLAIM" portion of the § 1983 Complaint[2] contains the following allegations: (1) the Lancaster County Circuit Court violated Plaintiff's rights in convicting him; (2) Plaintiff was subjected to excessive force on January 20, 2013; (3) the United States Court of Appeals for the Fourth Circuit violated Plaintiff's rights in Case No. 11-7424; (4) Plaintiff has a "[h]igh blood problem" and is stressed out daily; (5) Plaintiff should not be in a "level 3" prison; and (6) Defendants and others have acted under color of state law.  (ECF No. 1.)  In what is styled as an affidavit and memorandum (ECF No. 1-1), Plaintiff objects to evidence presented at his criminal trial in the Court of General Sessions for Lancaster County.

## *Discussion*

**Initial Review Standard**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519

---

[2]Exhibits attached to the Complaint include a grievance related to the incident of alleged excessive force in 2013 (ECF No. 1-2); a letter sent by Plaintiff to South Carolina Governor Haley objecting to matters pertaining to his criminal case and his confinement in the South Carolina Department of Corrections (ECF No. 1-3); documents showing Plaintiff was charged with murder (Indictment No. 2007-GS-29-880); a pro se motion filed in the United States Supreme Court (ECF No. 1-4); copies of documents filed in Plaintiff's civil actions in this Court or in state court (ECF No. 1-5); and an incident report related to the incident of alleged excessive force on January 20, 2013 (ECF No. 1-6).

[3]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for an Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any

3

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the

4

State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Majority of Plaintiff's Claims**

Even liberally construed, Plaintiff's Complaint fails to allege any facts concerning Defendants Haley, Byers, Cartledge, Mauney, or Early that would constitute a violation of § 1983. Other than referencing their names in the caption of the Complaint or identifying them as additional defendants, there are no references to these Defendants acting or being involved in any violation of Plaintiff's rights. Thus, the Court recommends Defendants Haley, Byers, Cartledge, Mauney, and Early be dismissed from this action. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); see also *Weller*, 901 F.2d at 397 (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").

Further, even if the Complaint could be liberally construed to allege that Defendants Byers, as Director of the South Carolina Department of Corrections, and Cartledge, as Warden of Perry Correctional Institution, are liable in their supervisory capacity, the action

5

fails. Liability cannot be imposed on these Defendants on the basis of actions taken by other officials or employees at the Perry Correctional Institution. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability." (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978))). Accordingly, Plaintiff cannot maintain a claim against Defendants Byers and Cartledge based on the doctrines of vicarious liability and respondeat superior, and these Defendants should be dismissed.

Moreover, in the Complaint and various exhibits, Plaintiff complains about his mental stress from being in prison. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Plaintiff is not entitled to relief for mental stress. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases). Thus, this claim should be dismissed.

Plaintiff also complains, in general, about his medical care in prison. Plaintiff's medical care and nutrition, however, are already the subject of a pending civil rights action, *Calvin L. Gaddy v. Robert Ward, et al.*, Civil Action No. 8:12-3549-JFA-JDA, which was served upon all but one defendant (another inmate). Therefore, these claims should be dismissed from this action.

Further, Plaintiff objects to his placement in a level 3 prison. However, South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified or from being placed in administrative

segregation, in a particular prison, or in a particular section of a prison. *See, e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978). Consequently, this claim should be dismissed.

Additionally, throughout the Complaint and attachments to the Complaint, Plaintiff challenges his conviction for voluntary manslaughter. Plaintiff's conviction for voluntary manslaughter was the subject of a Section 2254 habeas corpus action, *Calvin Gaddy v. McCall*, Civil Action No. 8:10-1743-JFA-JDA, which was filed on July 6, 2010. In that action, the Honorable Joseph F. Anderson, Jr., United States District Judge, granted summary judgment to the respondent on September 27, 2011. *See Gaddy v. McCall*, Civil Action No. 8:10-1743-JFA-JDA, 2011 WL 4482592 (D.S.C. Sept. 27, 2011). Plaintiff's subsequent appeal was not successful; on February 3, 2012, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See Gaddy v. McCall*, No. 11-7424, 464 F. App'x 140, 2012 WL 340282 (4th Cir. Feb. 3, 2012). Because Plaintiff has failed to successfully challenge his conviction through habeas corpus, his challenge to his conviction in this § 1983 action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

**Remaining Excessive Force Claim**

Plaintiff alleges his Fourteenth and Eighth Amendment rights were violated in an incident of alleged excessive force that occurred on January 20, 2013 and for which he filed grievance PCI 921-13. (ECF No. 1-2 at 2.) The incident report attached to Plaintiff's

Complaint, which is slightly easier to follow than his Complaint,[4] details an incident which occurred in the mess hall between Plaintiff and Defendant Degrouis. (ECF No. 1-6.) During this incident, Plaintiff alleges he was sprayed him with gas, beaten, and hit with state hand cuffs. (ECF No. 1-2 at 1.) Plaintiff goes on to allege that Defendant Degrouis has "violated" him many times. (*Id.* at 5.) Plaintiff alleges injury to his left knee and nose and a busted forehead. (*Id.* at 9.) The incident report also indicates Plaintiff was transported to Greenville Memorial Hospital for evaluation. (ECF No. 1-6 at 3.)

Excessive force is actionable. *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (superannuating older Fourth Circuit case law on *de minimis* injuries in excessive force cases). In *Wilkins*, the Supreme Court held that the core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained but rather whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Id.* at 36 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Also, under controlling Fourth Circuit case law, the use of a chemical munition may be actionable. *See Iko v. Shreve*, 535 F.3d 225, 239–40 (4th Cir. 2008); *Williams v. Benjamin*, 77 F.3d 756, 763–67 (4th Cir. 1996). Thus, the Court recommends all claims except Plaintiff's excessive force claim be dismissed; the Court has authorized service of Plaintiff's excessive force claim upon Defendant Degrouis.

---

[4] Plaintiff's Complaint is extremely convoluted and is a "stream of consciousness" type pleading. Thus, the Court relies heavily on the incident report and supporting documentation to analyze Plaintiff's allegations with respect to his excessive force claim.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss all Defendants and all claims except Defendant Degrouis and Plaintiff's excessive force claim.

Plaintiff's attention is directed to the Notice on the next page.

<u>s/Jacquelyn D. Austin</u><br>
United States Magistrate Judge

June 19, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).