UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy,                                )        | C/A No. 8:13-1586-JFA-JDA |
|                                    )         | |
| Plaintiff,                 )         | |
|                                    )         | |
| vs.                                       )        | ORDER |
|                                    )         | |
| Nikki R. Haley, South Carolina Governor; Bill Byers, SCDC Commissioner; Warden Larry Cartledge, Perry Correctional Institution; Captain Degrouis, Perry Correctional Institution SMU; Captain Florence Mauney, Perry Correctional Institution SMU; Major Early, Perry Correctional Institution SMU,    )   )   )   )   )   )   )   )   ) | |
| Defendants.              )        | |
| _____   ) | |

The *pro se* plaintiff, Calvin Gaddy, brings this action pursuant to 42 U.S.C. § 1983 raising various claims of constitutional violations. Specifically, the plaintiff alleges that (1) the Lancaster County Circuit Court violated his rights in convicting him; (2) he was subjected to excessive force on January 20, 2013; (3) the United States Court of Appeals for the Fourth Circuit violated his rights in Case No. 11-7424; (4) he has a high blood pressure problem and is stressed out daily; (5) he should not be in a "level 3" prison; and (6) defendants and others have acted under color of state law. He also objects to evidence presented at his state criminal trial.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no

Recommendation and opines that all defendants except Captain Degrouis should be dismissed as parties to this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. The court has reviewed the plaintiff's objections and finds them to be without merit. As such, they are overruled.

As the Magistrate Judge notes, the plaintiff's complaint fails to allege any facts concerning defendants Haley, Byers, Cartledge, Mauney, or Early that would constitute a violation of § 1983. In addition, the Magistrate Judge recommends dismissal of all of the plaintiff's claims with the exception of the claim for excessive force which allegedly involves defendant Degrouis.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court adopts the Magistrate Judge's Recommendation and incorporates it herein by reference.

Accordingly, defendants Haley, Byers, Cartledge, Mauney, and Early are dismissed from this action without prejudice. Except for the excessive force claim against defendant Degrouis, all remaining claims of the plaintiff are dismissed. As the Magistrate Judge has

---

presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

authorized service on defendant Degrouis and he has filed an answer to the complaint, this matter is referred back to the Magistrate Judge for further proceedings.

In addition, the plaintiff's motion to extend time (ECF No. 20) is moot.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2013
Columbia, South Carolina