IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Calvin Lyndale Gaddy, ) | Case No. 8:13-cv-01586-BHH-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Captain DeGeorgis, ) | |
| ) | |
| Defendant[1]. ) | |
| _____ ) | |

This matter is before the Court on a motion for summary judgment filed by Defendant. [Doc. 49.] Plaintiff is proceeding pro se and brings this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and to submit findings and recommendations to the District Court.

Plaintiff filed this action, alleging Defendant Captain DeGeorgis ("DeGeorgis") used excessive force against Plaintiff in violation of his constitutional rights. [Doc. 1.] Defendant filed a motion for summary judgment on October 9, 2013. [Doc. 49.] By Order filed October 10, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 50.] On October 28, 2013, Plaintiff filed a response in opposition to Defendant's motion. [Doc. 54.] On

---

[1]The Complaint was brought against Nikki R. Haley, South Carolina Governor; Bill Byers, SCDC Commissioner; Warden Larry Cartledge, Perry CI; Captain DeGeorgis, Perry CI, SMU Captain; Florence Mauney, Perry CI, SMU; and Major Early, Perry CI, SMU. [Doc. 1.] All defendants except Captain DeGreorgis were dismissed from the action; and all claims except Plaintiff's excessive force claim against Defendant DeGeorgis were dismissed. [Docs. 10, 43.]

November 22, 2013, Defendant filed a reply. [Doc. 66.] Plaintiff filed a sur-reply on December 9, 2013. [Doc. 67.] The motion is now ripe for review.

## BACKGROUND

At all times relevant to this action, Plaintiff was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Perry Correctional Institution ("Perry").[2] [Doc. 1 at 2.] Plaintiff generally alleges DeGeorgis used excessive force by hitting Plaintiff with state hand cuffs. [Doc. 1 at 3.] Plaintiff also contends Defendant sprayed him with gas. [Doc. 1-2 at 1.] Plaintiff requests a jury trial. [*Id.* at 5.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.

---

[2] Plaintiff was transferred to Lieber Correctional Institution during the pendency of this action. [*See* Doc. 32 (notice of change of address).]

1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

3

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

4

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

5

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Exhaustion of Administrative Remedies**

Defendant first argues he is entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies. The Court agrees.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action

> taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). *But see Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[] with the good and leave[] the bad"). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the South Carolina Department of Corrections ("SCDC") grievance

7

procedure, and § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g.*, *Ayre v. Currie*, No. 05-3410, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-2187, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006).

Exhaustion is an affirmative defense; an inmate is not required to plead exhaustion in his complaint. *Jones*, 549 U.S. at 211–12; *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). However, to survive a motion for summary judgment asserting he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion) (holding that "to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial" (citing Fed. R. Civ. P. 56(e)(2))); *see also Celotex*, 477 U.S. at 323–24 (stating that once the party seeking summary judgment demonstrates there is no genuine issue of material fact, the non-moving party, to survive the motion for summary judgment, must demonstrate specific, material facts exist that give rise to a genuine issue).

The court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA–01.12. In *Jones v. Kay*, 2007 WL 4292416, at *5 (D.S.C. Dec. 5, 2007), the court summarized the parameters of this policy as follows:

> (1)  an inmate must fill out a Form 10–5 (Step 1 Grievance) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident;
>
> (2)  the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system;

> (3) the Warden should respond to the grievant in writing within forty (40) days;
>
> (4) the inmate may appeal by completing a Form 10–5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and
>
> (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 Grievance plus five (5) days for the grievant to be served.

*See* SCDC Policy GA–01.12 (Inmate Grievance System). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

In this case, Plaintiff has failed to establish that he properly filed a Step 1 grievance within the appropriate time frame. Defendant argues that Plaintiff did not file a grievance alleging the use of force by DeGeorgis. [Doc. 49-1 at 2.] Plaintiff has attached a Step 1 grievance, labeled an "Emergency Grievance," dated January 27, 2013, to his response in opposition that, construed liberally, addresses the incident with DeGeorgis. [Doc. 54-1 at 6.] This grievance was also attached to Plaintiff's Complaint. [Doc. 1-2 at 3.] In reply, Defendant argues that the grievance submitted by Plaintiff was never entered into the SCDC grievance system. [Doc. 66 at 1; Doc. 66-4 ¶ 2.] Defendant attaches another Step 1 grievance, Grievance No. PCI-9203-13, filed by Plaintiff on the same day, alleging Plaintiff was "violated" by DeGeorgis.[3] [Doc. 66-5 at 1.] Grievance No. PCI-9203-13 was returned to Plaintiff unprocessed for failure to submit the grievance through the inmate grievance coordinator as required by SCDC policy. [Doc. 66-4 ¶3.] Plaintiff purportedly

---

[3]The Court notes the content of Grievance No. PCI-9203-13 and Plaintiff's "Emergency Grievance" is the same.

submitted subsequent grievances dated February 18, 2013; April 10, 2013; and July 19, 2013, all of which were returned, or would have been returned if properly submitted, as unprocessed for Plaintiff's failure to comply with the applicable time limits under SCDC policy[4]–i.e., failure to file the grievance within 15 days of the incident. [*Id*. ¶¶ 4–7; Doc. 66-5 at 4–8.]  Defendant contends that Plaintiff failed to follow proper procedure for submitting a grievance and, thus, failed to exhaust his administrative remedies on this issue. [Doc. 66 at 3.]  As stated, to survive a motion for summary judgment asserting he failed to exhaust, the inmate is required to produce competent evidence that refutes the claim that he failed to exhaust.  *See Hill*, 380 F. App'x at 270.  Here, Plaintiff has failed to meet his burden.  The only grievances entered into the SCDC grievance system were returned as unprocessed for (1) failure to submit it through the Inmate Grievance Coordinator as required by SCDC Policy GA-01.12 [Doc. 66-5 at 1] and (2) failure to file within the 15 days of the incident [*id.* at 8.]  Accordingly, Plaintiff failed to exhaust administrative remedies, and Defendant's motion for summary judgment should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that Defendant's motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 15, 2014
Greenville, South Carolina

---

[4]Only one of these grievances appears to have been entered into the SCDC grievance system and returned as unprocessed for failure to comply with the deadlines for filing grievances. [Doc. 66-5 at 8.]