UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Lyndale Gaddy, | ) | Civil Action No. 8:13-1586-BHH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Captain DeGeorgis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Calvin Lyndale Gaddy ("the plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the defendant Captain DeGeorgis ("the defendant"), as well as other defendants, who have already been dismissed from this action. (Compl., ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation. Magistrate Judge Austin recommends that the court grant the defendants' motion for summary judgment (ECF No. 49). The Report and Recommendation (ECF No. 80.) sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The plaintiff filed an objection and a reply (ECF Nos. 82, 85) to the Report and Recommendation, and the defendant filed a reply (ECF No. 84), which the Court has carefully reviewed. The objection, though verbose, fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations that plaintiff failed to exhaust his administrative remedies. Rather, the plaintiff's rambling objections merely rehash points raised in his response in opposition to the motion for summary judgment. Nevertheless, out of an abundance of caution, the Court has conducted a de novo review of the plaintiff's objections, finds them to be without merit, and hereby overrules them. The Report and Recommendation fairly and accurately summarizes the facts and applies the correct principles of law, and the Court agrees with the analysis of the Magistrate Judge.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference, the defendant's motion for summary judgment (ECF No. 49) is GRANTED, and the case is dismissed with prejudice.

**IT IS SO ORDERED.**

                                         s/ Bruce Howe Hendricks
                                         United States District Judge

March 25, 2015
Greenville, South Carolina